IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMIE STEPHENS,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

    Defendant.
_____

Civ. No. 3:13-cv-00808-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Jamie Stephens brings this action for judicial review of the Commissioner's decision denying plaintiff's application for supplemental social security income. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff seeks benefits as of January 11, 2007 from disability resulting from borderline intellectual functioning, depressive disorder, and possible attention deficit disorder. The

1 – OPINION AND ORDER

Administrative Law Judge (ALJ) determined that plaintiff was not disabled on April 15, 2010. TR 120.[1] Plaintiff filed a second application for benefits on May 5, 2010. Upon reviewing the previous decision, the second ALJ found that plaintiff did not demonstrate changed circumstances and as such found that the plaintiff was not disabled. TR 27.

Plaintiff argues that the ALJ erred in determining that she was not disabled under 20 C.F.R. § 404, subpt. P, app. 1. 12.05C. Plaintiff also argues that the second ALJ failed to take into account changed circumstances when evaluating her disability. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is

---

[1] TR" refers to the Transcript of Social Security Administrative Record [#7] provided by the Commissioner.

2 – OPINION AND ORDER

capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*.

At step two, the ALJ found that plaintiff's depressive disorder, borderline intellectual functioning, and possible attention deficit disorder qualified as severe impairments. TR 18. At step three, the ALJ determined that none of these impairments, alone or combined, medically equaled or met one of the listed impairments in 20 C.F.R. § 404, subpt. P, app. 1. *Id*.

Between steps three and four, the ALJ determined that plaintiff had the RFC to perform work limited to simple, repetitive tasks and that she should have no frequent contact with the public. TR 19. He then determined that jobs that met these criteria, such as janitor and hand packer, existed in substantial numbers in the national economy. TR 26. Therefore, the ALJ concluded that plaintiff was not disabled as defined by the Social Security Act. TR 27.

Plaintiff argues that the ALJ improperly evaluated Listing 12.05C – Intellectual Disability, at step three. However, substantial evidence demonstrates that plaintiff did not possess an intellectual disability as defined by this listing.

Listing 12.05 is different from other mental disorder listings in that it contains an introductory paragraph with the diagnostic description for intellectual disability.[2] 20 C.F.R. § 404, subpt. P, app. 1, 12.00A. In order to meet the criteria of 12.05, the individual claiming an intellectual disability must satisfy the diagnostic description and one of the four sets or severity criteria. *Id*. To satisfy Listing 12.05C, a claimant must demonstrate significantly subaverage intellectual functioning with deficits in adaptive functioning manifested before age 22; a valid IQ score of 60 through 70; and another mental or physical impairment imposing additional and

---

[2] On September 3, 2013, the Social Security Administration replaced the term "mental retardation" with "intellectual disability" in the Listing of Impairments and other appropriate sections of its rules. 78 Fed. Reg. 46499, August 1, 2013.

3 – OPINION AND ORDER

significant limitation of function. 20 C.F.R. § 404, subpt. P., app. 1, 12.05C; *see also Bowen v. Yuckert*, 482 U.S. 137, 146, (1987).

Nothing in the record suggests the requisite manifestation of adaptive functioning defecits during the developmental period. A claimant may use circumstantial evidence to demonstrate adaptive functioning deficits, such as attending special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history. *Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1011-12 (D. Or. 2011). Though plaintiff had poor grades in school and required tutoring, she did not qualify for special education because her test scores were too high. TR 410. Additionally, plaintiff graduated high school with a regular diploma and earned a beautician's certificate. TR 410. The ALJ reasonably concluded an individual with significantly subaverage intellectual and adaptive functioning would be unable to achieve such feats.

Plaintiff also failed to demonstrate any current deficits in adaptive functioning. The ALJ noted that plaintiff takes care of her children; shops for groceries; cooks, cleans, and vacuums with little difficulty; gardens; has no problem being around other people; and attends and is active in her church community. TR 23. Although plaintiff points to the statements of Ms. Engle to show that such deficits exist, the ALJ found those statements not fully credible because they were not supported by the medical record. TR 25. Based on the medical reports and plaintiff's own testimony, she appears to have little difficulty performing routine tasks in her daily life.

Plaintiff argues that the ALJ disregarded her IQ score when finding that she did not satisfy the criteria for Listing 12.05C. In order to meet the criteria for Listing 12.05C, plaintiff needed to satisfy the diagnostic definition of intellectual disability in addition to her low IQ score, which she failed to do.

Though the record contains an IQ score of 67, the ALJ had valid reasons for not taking this score into account. The IQ score is questionable in light of plaintiff's performance on the Test of Memory Malingering. TR 19. The ALJ noticed that plaintiff's score on Trial I of this test suggested an exaggeration of the extent of her memory impairment, meaning that her IQ score was inconclusive. TR 19. Dr. Molly McKenna, who conducted plaintiff's IQ testing, also reported that plaintiff's low IQ score was not determinative of plaintiff's inability to hold a job. McKenna opined that despite plaintiff's score, she would be able to perform jobs requiring "simple, overlearned and rapid processing of limited information with little to no memory component," jobs akin to those suggested by the vocational expert. TR 417, 26-27.

Additionally, plaintiff contends that the ALJ failed to take changed circumstances into account when evaluating her second claim. The burden of showing changed circumstances is on the claimant if there is a prior unappealed finding that creates a presumption of non-disability. *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1379 (9th Cir. 1984). The only new evidence introduced supports the findings of the first ALJ. Plaintiff argues that additional evidence must show a change. I disagree.

To demonstrate a changed circumstance, a claimant may show an increase in the severity of the claimant's impairment(s). Social Security Acquiescence Ruling (AR) 97-4(9), *available at* 1997 WL 742758.[3] However, plaintiff testified that her condition had not changed since her prior hearing, and new evidence failed to show any increase in the severity of her impairments. TR 25. Moreover, plaintiff's mental health services were terminated in June 2011 because her symptoms were controlled with medication, demonstrating a decrease in severity of plaintiff's condition rather than an increase. TR 612-13.

---

[3] Acquiescence Rulings are generally binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(2). Courts generally defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001).

5 – OPINION AND ORDER

## CONCLUSION

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence in the record, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 25th day of June, 2014.

                                                      _____/s/ Michael J. McShane_____
                                                           Michael McShane
                                                United States District Judge